UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NEALAN BHATT, Individually and on
Behalf of All Others Similarly Situated,

    Plaintiff,

v.                                              Case No: 8:17-cv-2185-T-36AEP

TECH DATA CORPORATION, ROBERT
M. DUTKOWSKY and CHARLES V.
DANNEWITZ,

    Defendants.
_____/

## **ORDER**

This matter comes before the Court upon the Motion of Movant Tech Data Investor Group for Appointment as Lead Plaintiff and Approval of Its Selection of Counsel (Doc. 15), Motion and Accompanying Memorandum of Law of Wayne County Employees' Retirement System for Appointment as Lead Plaintiff and Approval of Selection of Counsel (Doc. 16), Notice of Non-Opposition of the Tech Data Investor Group to the Competing Motion for Appointment as Lead Plaintiff (Doc. 26), and Notice of Non-Opposition of Wayne County Employees' Retirement System's Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel (Doc. 27).

Movants John R. Atkinson, III and Randye Hubsher (collectively "The Tech Data Investor Group") and Wayne County Employees' Retirement System ("Wayne County") both requested that the Court appoint them as Lead Plaintiff in this purported class action securities litigation. No objection has been filed. The Tech Data Investor Group filed a notice indicating that it recognizes that Wayne County has the largest financial interest in the relief sought by the class and therefore benefits from the presumption of being the most adequate plaintiff. *See* Doc. 26. The Court, having

considered the motions and being fully advised in the premises, will deny the Motion of Movant Tech Data Investor Group for Appointment as Lead Plaintiff and Approval of Its Selection of Counsel and grant the Motion and Accompanying Memorandum of Law of Wayne County Employees' Retirement System for Appointment as Lead Plaintiff and Approval of Selection of Counsel.

## I.   BACKGROUND

Defendant, Tech Data Corporation ("Tech Data"), is a wholesale distributor of technology products. Doc. 1 at ¶ 14. The Complaint alleges that on June 1, 2017, Tech Data issued a press release announcing its financial and operating results for the fiscal quarter ending April 30, 2017. *Id*. at ¶ 16. Tech Data stated that it "executed well" throughout the first quarter and exceeded expectations. *Id*. Specifically, Tech Data stated that it anticipated "non-GAAP" earnings per share to be in the range of $1.95 to $2.08 for the quarter ending July 31, 2017. *Id*. The same day, during a conference call to discuss Tech Data's financial and operating results for the first fiscal quarter, Tech Data's CEO and co-defendant, Robert M. Dutkowsky, stated that he was "pleased to report an excellent start to fiscal year 2018." *Id*. at ¶ 17. During the same conference call, Tech Data's CFO and co-defendant, Charles V. Dannewitz, emphasized the recent Technology Solutions business acquisition that was "making excellent progress" integrating into Tech Data. *Id*. at ¶ 18. Dannewitz also re-emphasized that Tech Data was anticipating non-GAAP earnings per share to be in the range of $1.95 to $2.08. *Id*. On August 31, 2017, Tech Data issued another press release announcing its financial and operating results for the second fiscal quarter ending July 31, 2017. *Id*. at ¶ 21. For the quarter, Tech Data's reported "non-GAAP" earnings per share was $1.74. *Id*. Upon release of the news, Tech Data's share price fell $22.83 per share, from a closing price on August 31, 2017, of $110.29 to $87.46 per share. *Id*. at ¶ 24.

2

On September 21, 2017, Plaintiff, Nealan Bhatt, filed this class action lawsuit against Tech Data, Dutkowsky, and Mannewitz. The Complaint alleges that the Defendants made false and/or misleading statements because (1) they misrepresented and failed to disclose that Tech Data was experiencing execution and operational issues; (2) these issues were impacting the company's financial performance; (3) consequently, the company would not achieve its guidance; and (4) therefore the Company's financial statements were materially false and misleading at all relevant times. *Id.* at ¶ 20. The Complaint alleges the Defendants violated federal securities laws including the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b), 78t(a); 17 C.F.R. § 240.10b-5.

On September 25, 2017, notice about the class action was published in *Globe Newswire*, a national, business-oriented newswire service, to give purported class members an opportunity to move for appointment as lead plaintiff. Doc. 17-1. On November 24, 2015, Tech Data Investment Group and Wayne County moved for appointment of lead plaintiff pursuant to 15 U.S.C. § 78u–4(a)(3)(B)(i) of the Private Securities Litigation Reform Act of 1995 ("PSLRA"). Doc. 15; Doc. 16. In doing so, both requested that their respective choices in counsel be appointed lead counsel. Doc. 15 at 2; Doc. 16 at 1. Tech Data Investment Group and Wayne County suffered $27,163 and $35,790 in losses, respectively and purchased Tech Data's stock on August 29, 30, and 31, during the Class period. Doc. 15-4; Doc. 17-2.

## II.   LEGAL STANDARD

The PSLRA provides for the appointment as lead plaintiff of "the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (hereafter in this paragraph referred to as the 'most adequate plaintiff') in accordance with this subparagraph." 15 U.S.C. § 78u–4 (a)(3)(B)(i). Even when a motion for appointment as lead plaintiff is unopposed, the court must still make this determination

on its own. 15 U.S.C. § 78u–4(a) (3)(B)(i); *Biver v. Nicholas Fin., Inc.*, No. 8:14–cv–250–T–33TGW, 2014 WL 1763211, at *2 (M.D. Fla. Apr. 30, 2014). The PSLRA directs the court to adopt the rebuttable presumption that the most adequate plaintiff is "the person or group of persons" that:

> (aa) has either filed the complaint or made a motion [to serve as lead plaintiff];
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u–4(a)(3)(B)(iii)(I). This presumption may be rebutted by proof that the proposed lead plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *Id*. at § 78u–4(a)(3)(B) (iii)(II).

### III.   DISCUSSION

#### a. *Notification Requirement*

In this case, the notification requirement has been met. The PSLRA required Bhatt, as the Plaintiff, to publish "in a widely circulated national business-oriented publication or wire service," a notice advising members of the purported class of (1) the pendency of the action, the claims asserted therein, and the purported class period and (2) their right to file a motion to serve as lead plaintiff of the purported class. 15 U.S.C. § 78u–4 (a)(3)(A)(i)

On September 25, 2017, Bhatt published a notice regarding the pendency of this action on *Globe Newswire,* a national, business-oriented newswire service. *See* Doc. 17-1. The notice adequately apprised members of the proposed class of their right to move the Court to serve as lead plaintiff or plaintiffs no later than 60 days from the date of the publication. *Id*. Pursuant to 15

U.S.C. § 78u–4 (a)(3)(A)(i), the time period in which purported class members had to move to be appointed lead plaintiffs expired on November 25, 2017. Wayne County filed its motion on November 24, 2017. Doc. 16. The motion was timely filed.

### b. Selection of Lead Plaintiff

Wayne County is "the most adequate plaintiff" and satisfies the requirements of the PSLRA. It filed a motion for appointment as lead plaintiff. *See* 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I)(aa). Its estimated losses are approximately $35,790.38. Doc. 17-2. The Court has no evidence that any other person has a larger financial interest in the case. *See* 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I)(bb).

And Wayne County otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. *Id*. § 78u–4(a)(3)(B)(iii)(I)(aa). The PSLRA also allows for a rebuttable presumption of adequacy when the proposed lead plaintiff demonstrates that it "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u–4 (a)(3)(B)(iii)(I)(cc).

Rule 23(a) provides:

> One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
>
> (1) the class is so numerous that joinder of all members is impracticable,
>
> (2) there are questions of law or fact common to the class,
>
> (3) the claims or defense of the representative parties are typical of the claims or defenses of the class, and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed.R.Civ.P. 23(a).

Wayne County argues that only two of the four class action requirements—typicality and adequacy—directly address the personal characteristics of the class representative. Doc. 16 at 6. Therefore, Wayne County contends that in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *Id.* The Court agrees and will inquire only as to the typicality and adequacy prongs of Rule 23(a). *See Vincelli v. Natl. Home Health Care Corp.*, 112 F. Supp. 2d 1309, 1317 – 18 (M.D. Fla. 2000) (addressing only the typicality and adequacy prongs and finding that the proposed lead plaintiffs adequately demonstrated each prerequisite).

In order to establish typicality, "there must be a nexus between the class representative's claims or defenses and the common questions of fact or law which unite the class." *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984). "A sufficient nexus is established if the claims or defenses of the class and the class representative arise from the same event or pattern or practice and are based on the same legal theory." *Id.* When the class representative's injury is different from that of the rest of the class, his claim is not typical and he cannot serve as the class representative. *Murray v. Auslander*, 244 F.3d 807, 811 (11th Cir. 2001). Moreover, when proof of the class representative's claim would not necessarily prove the claims of the proposed class members, the class representative does not satisfy the typicality requirement. *Brooks v. S. Bell Tel. & Tel. Co.*, 133 F.R.D. 54, 58 (S.D. Fla. 1990). "Typicality, however, does not require identical claims or defenses." *Kornberg*, 741 F.2d at 1337. "A factual variation will not render a class representative's claim atypical unless the factual position of the representative markedly differs from that of other members of the class." *Id.*

6

And the adequacy prong requires that the class representatives have common interests with the nonrepresentative class members and requires that the representatives demonstrate that they will vigorously prosecute the interests of the class through qualified counsel. *Piazza v. Ebsco Indus. Inc.*, 273 F.3d 1341, 1346 (11th Cir. 2001). Thus, the adequacy of representation analysis involves two inquiries: "(1) whether any substantial conflicts of interest exist between the representatives and the class, and (2) whether the representatives will adequately prosecute the action." *Valley Drug Co. v. Geneva Pharm., Inc.*, 350 F.3d 1181, 1189 (11th Cir. 2003) (quoting *In re HealthSouth Corp. Sec. Litig.*, 213 F.R.D. 447, 460–61 (N.D. Ala. 2003)). "The existence of minor conflicts alone will not defeat a party's claim to class certification." *Valley Drug Co.*, 350 F.3d at 1189. Rather, "the conflict must be a fundamental one going to the specific issues in controversy." *Id*.

At this preliminary stage, Wayne County has sufficiently demonstrated that it meets the typicality and adequacy prongs. The movant has satisfied the typicality requirement by: (1) demonstrating that it held stock in Tech Data at the time the proposed transaction was announced, as did the purported class members; (2) providing that it will suffer the same harm as the prospective class members as a result of Defendants' alleged misconduct; and (3) maintaining that its claims and the claims of other prospective class members arise out of the same course of events and are based on the same legal theories. *See* Doc. 17-3.

And Wayne County has satisfied the adequacy prerequisite by providing that its interests are clearly aligned with the members of the Class, and there is no evidence of any antagonism between its interests and those of the other members of the Class. *Id*. Further, it has taken significant steps that demonstrate that it will protect the interest of the Class, i.e., it has retained competent and experienced counsel to prosecute these claims and shown the willingness and

ability to vigorously prosecute the actions. At this preliminary stage, Wayne County has sufficiently demonstrated the typicality and adequacy requirements of Rule 23(a).

Wayne County is therefore entitled to the rebuttable presumption that it is the most adequate plaintiff. *Id*. § 78u–4(a)(3)(B)(iii)(I). The Court has not been presented with any proof to rebut the presumption. Therefore, the Court finds that Wayne County is the most capable of adequately representing the interests of class members.

### c. Selection of Lead Counsel

The PSLRA also provides that the "most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u–4(a)(3)(B)(v). Courts have found that the district court "should generally employ a deferential standard in reviewing the lead plaintiff's choices." O*klahoma Firefighters Pension & Ret. Sys. v. Rayonier Adv. Materials, Inc.,* 3:15-CV-546-J-32PDB, 2015 WL 4730383, at *2 (M.D. Fla. Aug. 10, 2015) (quoting *In re Cendant Corp. Litig.*, 264 F.3d 201, 274 (3d Cir. 2001)); *see also Cohen v. U.S. Dist. Court for the N. Dist. of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009) ("[W]e hold that if the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice."). Robins Geller Rudman & Dowd LLP has substantial experience in securities class actions. Therefore, the Court will approve Wayne County's selection of the firm as lead counsel. *See* Doc. 17-4 at 5- 9.

### IV. CONCLUSION

Accordingly, it is hereby

**ORDERED**:

1.  Motion of Movant Tech Data Investor Group for Appointment as Lead Plaintiff and Approval of Its Selection of Counsel (Doc. 15) is **DENIED**.

2. Motion and Accompanying Memorandum of Law of Wayne County Employees' Retirement System for Appointment as Lead Plaintiff and Approval of Selection of Counsel (Doc. 16) is **GRANTED**.

3. Wayne County Employees' Retirement System is **APPOINTED** as Lead Plaintiff.

4. Robins Geller Rudman & Dowd LLP is **APPROVED** as lead counsel.

**DONE AND ORDERED** in Tampa, Florida on December 28, 2017.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any